*34 OPINION.
MuRdock :
In order to establish its right to this deduction it was necessary for the petitioner to show that such a debt was actually ascertained to be worthless in the taxable year and that it was the kind of a debt that Congress intended should be deducted under section 234(a) (5) of the Revenue Act of 1921. See Charles A. Collin, 1 B. T. A. 305, and Howard J. Simons, 1 B. T. A. 351.
The petitioner introduced in evidence a transcript of its books of account which showed certain debits and credits in an account entitled “James Theatre.” Opposite each of the debits in this account were the letters “ mdse.” The debit balance of this account was the amount sought to be charged off as a bad debt. No effort was made *35 to explain what the various debits in this account represented. The letters “ mdse ” would indicate that the charges were ior merchandise furnished, but whether at cost or at some other figure we do not, know. If the petitioner furnished merchandise we do not know sufficient facts concerning this merchandise, such as its cost and the date of its purchase, to enable us to determine whether or not the Commissioner erroneously disallowed a deduction on account of it. We do not know how the petitioner kept its books or made its income-tax returns or how it treated the items _ in question for income-tax purposes. Without knowing more about this alleged bad debt we are unable to say whether or not the Commissioner was in error in denying the deduction in the taxable year. Consistent with the facts which we already know, other facts in the case, if we knew them, might show that no part of the amount should be deducted or they might show that a part or all of the amount should be deducted as a bad debt in the taxable year. Under these circumstances, it is unnecessary to discuss the question of whether or not the debt was ascertained to be worthless in the taxable year.

Judgment will be entered for the resfondent.